POWELL & POWELL *vs.* THE FIRST NATIONAL BANK OF CONCORD.

May Term, 1899.

Present: ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed July 27, 1899.

*Agency.*—The American Express Company was under contract with the defendant bank to have certain checks at Burlington, Vt., presented and protested. The company's agent at that point failing to understand the business, counsel for the bank in the presence of the president of the bank and the president of the company, telephoned to the agent to deliver the checks to the plaintiffs to be protested, but to understand that he was acting for the company and not for the bank. The agent delivered the checks to the plaintiffs, telling them that he did so by direction of the bank, and suggested that they take directions from the defendant through the telephone, which they did. *Held*, that for the plaintiffs' services in protesting the checks the defendant was not liable.

ASSUMPSIT. Trial by court, upon an agreed statement, at the March term, 1899, Chittenden county, *Taft*, C. J.,

presiding. *Pro-forma* judgment for the plaintiff. The defendant excepted.

*Brown & Macomber* for the defendant.

*Powell & Powell pro se.*

TYLER, J.  The facts found by the trial court are, that the defendant entered into a contract with the American Express Co. by which the latter was to make collections of the checks which came into the defendant's hands drawn on the Burlington, Vt., banks, and to have them protested immediately when not paid on presentation; that on April 30, 1898, the defendant delivered a large number of checks to the Express Co. at Concord, N. H., which the Express Co. sent to Burlington where they arrived May 2, 1898. Payment being refused they were returned by Henderson, the Express Co's. agent at Burlington, without protest, to the Express Co's. agent at Concord, who at once returned them to Henderson with instructions to have them protested if dishonored. The Burlington banks had funds of the drawers with which to pay the checks, but they required the prior endorsements guaranteed, and the defendant's endorsement was made with a rubber stamp and not in writing; also, the checks were indorsed, "E. F. H., agent of the American Express Co.," the agent having no authority on file to endorse the checks, so the indorsements were regarded as irregular. There were other objections to a part of the checks, not necessary to state. After the checks were returned to Burlington and presented the second time and payment refused, Henderson telegraphed the facts to Mr. Pratt, the Express Co's. agent at Concord, who went to the defendant's president and informed him of the non-payment, and the two men went to the office of Mr. Streeter who was a director of the bank and its counsel. Streeter, at Pratt's request and in his presence and in the presence of the president, telephoned to Henderson in substance that the latter did not understand the business,

and that he had better place it in the hands of some one who did. Streeter inquired of Henderson about the plaintiffs and directed him to place the checks in their hands for protest if not paid. Henderson then placed the checks in the plaintiffs' hands, saying that he was directed by the defendant to hand the checks to them for protest. At Henderson's suggestion the plaintiffs took directions from the defendant through the telephone. The plaintiffs then performed the service, as they supposed, by the defendant's employment through Henderson, and their charges therefor were reasonable.

The trial court further found that the Express Co. was bound by its contract to perform the service rendered by the plaintiffs; that Henderson had no authority to employ the plaintiffs in the defendant's behalf and that the defendant's officers supposed that the plaintiffs were employed by the Express Co. and directed Henderson to so inform them; but whether Henderson so understood through the telephone the court was not able to find. In the conversation between Streeter and Henderson, the latter was told that he must understand that he was acting for the Express Co. and not for the bank, and after Henderson was directed to place the checks in the plaintiffs' hands for protest he was directed by Pratt by telegram to have the notary mail a notice to each drawer of the checks as well as to each endorser.

To enable the plaintiffs to recover they must have shown a direct employment by the defendant, or that the defendant had knowledge that they were performing beneficial service for it, and had reason to suppose that they expected it to pay for such service and acquiesced in the service being rendered. Benj. Prin. of Cont. 18; *Pew* v. *First National Bank*, 130 Mass. 391.

The case shows no employment of the plaintiffs by the defendant. If they were employed by any one, it was by Henderson, and it is expressly found that he had no authority to employ them in behalf of the defendant.

Whatever authority Henderson had he derived from Pratt through Streeter, and Henderson was told that he was acting for the Express Co. and not for the defendant.

The service rendered was valuable, not to the defendant, but to the Express Co. whose duty it was to have the checks protested. The officers of the bank had no knowledge that the plaintiffs were performing service in its behalf, nor were the circumstances such that they had reason to suppose that they were relying upon the bank for payment; on the contrary, the bank officials had reason to suppose that the plaintiffs were acting for the Express Co. and in reliance upon its paying them.

The fact that Henderson told the plaintiffs that he had been directed by the defendant to place the checks in their hands for protest is of no importance, it being found that he had not such authority; nor is it material, in view of the other facts found, that the plaintiffs supposed they were employed by Henderson for the defendant. The plaintiffs obtaining directions from the defendant in respect to the protest was entirely consistent with their employment by the Express Co. The plaintiffs do not bring their case within either rule stated; therefore

> *The pro-forma judgment is reversed and judgment rendered for the defendant.*